TENNECO, INC., Relator,

v.

The Honorable Jack SALYER, Respondent & Floyd E. Kimble d/b/a Hill Development, Respondent.

No. 13-87-294-CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 24, 1987.

B. Daryl Bristow, Miller, Keeton, Bristow & Brown, Houston, for relator.

Bert L. Huebner, Bay City, Alfred L. Deaton, III, Kendall C. Montgomery, Deaton, Briggs & McCain, John O'Quinn, O'Quinn & Hagans, Houston, for respondent.

Before KENNEDY, SEERDEN and BENAVIDES, JJ.

OPINION

KENNEDY, Justice.

This is an original mandamus action. Relator, Tenneco Inc., seeks a writ of mandamus directing the clerk of Wharton County to return the original papers to the clerk of Matagorda County, and directing Respondent, the Honorable Jack Salyer, to vacate his order transferring venue to Wharton County and to issue an order transferring this action to a district court in Harris County.

Floyd E. Kimble, d/b/a Red Hill Development, brought suit against Tenneco, Inc. in a district court in Matagorda County. Relator filed its motion to transfer venue on December 23, 1985.

Relator's motion to transfer denied that venue was proper in Matagorda County and asked the court to transfer the case to Harris County. In January, 1986, Kimble filed a response to Relator's motion claiming that venue was proper in Matagorda County because relator is a foreign corporation with an agent or representative in Matagorda County. In March 1987, more than one year after relator had filed its motion to transfer venue, Kimble filed an alternate motion to transfer venue. In this motion, Kimble asked the trial court to transfer the case to Wharton County, Texas, if the trial court determined improper venue in Matagorda County. In June, 1987, the trial court entered its order transferring venue to Wharton County.

Relator argues by his Petition for Writ of Mandamus that the trial court was without authority to transfer the case to Wharton County and that his action in so doing

amounted to an abuse of discretion. Respondent argues that the Writ of Mandamus should be denied because, in essence, relator is seeking an interlocutory appeal, relator has an adequate remedy by appeal, and there was no abuse of discretion because Tex.Civ.Prac. & Rems.Code Ann. § 15.063 (Vernon 1986) allows a trial court to transfer the cause to "another county of proper venue." Respondent claims the trial court was acting within its discretion in transferring the case to Wharton County.

██ The sole question before this Court is whether the trial court had the authority to transfer the case to Wharton County. In addressing this question, we are mindful that mandamus is proper only to correct an order which a trial judge had no power to render. *Urbish v. 127th Judicial District Court*, 708 S.W.2d 429, 431 (Tex.1986). The remedy is not proper to correct merely erroneous or voidable orders. *Id.* at 431. Tex.Civ.Prac. & Rems.Code Ann. § 15.063 (Vernon 1986), provides:

> The court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to *another county of proper venue* if:
>
> 1) the county in which the action is pending is not a proper county as provided by this chapter;
>
> 2) an impartial trial cannot be had in the county in which the action is pending; or
>
> 3) written consent of the parties to transfer to any other county is filed at any time.

This section encompasses each of the three circumstances for which venue may be transferred. While Section 15.063 provides for the three venue situations in a single statute, the Rules of Civil Procedure have separate venue provisions. Tex.R.Civ.P. 86–89, which are included under the subtitle, *Pleadings of Defendant,* discuss the requisites of filing the motion to transfer. Rule 87(3)(c) and (d) states that if a claimant has adequately pleaded and made prima facie proof that venue is proper then the cause shall not be transferred. If the parties fail to make prima facie proof that the county of suit or specific county to which transfer is sought is a county of proper venue, then the court may direct the parties to make further proof. The rule does not authorize transfer to a third county. Rule 89 provides that if a motion to transfer venue is sustained, the cause shall not be dismissed, but the court shall transfer the case to the proper court. All of the aforementioned rules were changed by amendment in 1983 to conform with the venue amendments passed that same year. Rule 255 provides that venue may also be changed upon the written consent of the parties. Rule 257 provides for a change of venue in a civil case where a party contends it cannot receive a fair trial in the county of suit. A motion to transfer, under Rule 257, must be accompanied by the party's affidavit and the affidavit of at least three credible persons.

██ While significant changes in the venue laws were made in 1983, venue choice was left virtually intact pursuant to the original provisions of the old venue statute. Price, *New Texas Venue Statutes: Legislative History*, 15 St. Mary's Law Journal 855, 881 (1984). The new venue statute favors the plaintiff's right to maintain venue in the county in which the action was brought, rather than the defendant's right to transfer venue to its county of residence. However, neither the venue statute nor the amended rules specifically allow a plaintiff to file a motion to transfer venue if he has improvidently brought suit in an improper county. Tex.R.Civ.P. 86 is specifically a defendant's pleading, while rules 255 and 256 allow motions by either plaintiff or defendant. We believe that a reading of both the venue statute and the applicable rules promulgated by our Supreme Court militates against respondent's argument that the portion of § 15.063 which allows the trial court to transfer an action to another county of proper venue, allows a plaintiff to correct an improper choice of suit by motion to transfer.

██ However, even though we may find a trial court's action improper, we lack jurisdiction to issue a writ of mandamus to correct or supervise an incidental ruling of a trial judge when there is an adequate remedy by appeal. *Abor v. Black,* 695

S.W.2d 564, 566 (Tex.1985). Tex.Civ.Prac. & Rems.Code Ann. § 15.064(b) provides that on appeal from a trial on the merits, if venue is improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was improper or proper, the appellate courts shall consider the entire record, including the trial on the merits. Relator argues that because Wharton County may be a proper county for venue purposes, it has no adequate remedy by appeal because the appellate court, in reviewing the case, will look only at where the case was actually tried to determine whether venue was proper. We disagree. We believe that § 15.064(b) requires us to look at the whole record in making our determination, including how the case was transferred to Wharton County. We find that relator has an adequate remedy by appeal.

Relator's application for writ of mandamus is DENIED.