Ralph O. Douglas v. Anson Financial, Inc., Don Bonner, and Mike Ferguson

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-410-CV

MICHAEL SCOTT APPELLANT

V.

BRIAN MCMILLIAN, APRIL APPELLEES

DEMARONEY, LEROY GRAY,

LAWRENCE PATTISON, TIMOTHY

CRAWFORD, DONALD EDWARDS, 

GREGORY HARRISON, RICHARD 

PHILLIPS, TOMMY NEW, RUSTY 

HOPKINS, JONATHAN CRAINE,

MARVIN CAIN, FRANK 

POHLMEIER, BOBBY 

STUBBLEFIELD AND KEITH ODELL

------------

FROM THE 89
th
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Scott, proceeding pro se and in forma pauperis, is an inmate confined in the McConnell Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID).  He sued Appellees Brian McMillian, April DeMaroney, Leroy Gray, Lawrence Pattison, Timothy Crawford, Donald Edwards, Gregory Harrison, Richard Phillips, Tommy New, Rusty Hopkins, Jonathan Craine, Marvin Cain, Frank Pohlmeier, Bobby Stubblefield, and Keith Odell, alleging assault and battery.  Because we hold that the trial court was authorized to enter the order dismissing Appellant’s case, we affirm the trial court’s judgment.

Appellant initially sued Appellee Brian McMillian on June 7, 2004, alleging assault and battery.  The alleged incident occurred at the Clements Unit of the TDCJ-CID, located in Potter County.  However, Appellant filed suit in Wichita County.  McMillian filed an answer and jury demand on December 27, 2004, in Wichita County.  On April 11, 2005, Appellant amended his petition, adding as defendants the remaining Appellees.  “Sgt. Harris” was also a named defendant.

On May 16, 2005,  having “recognize[d] that he mistakenly filed suit in the incorrect venue,” Appellant filed a motion to transfer venue to Potter County.  On May 18 and 19 and June 22, 2005, the newly added defendants filed answers and jury demands.  On August 1, 2005, Appellees filed a motion to dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code.
(footnote: 2)  Appellant amended his petition again on August 22, 2005, removing “Sgt. Harris” from the named defendants.  The trial court granted Appellees’ motion to dismiss on August 24, 2005, holding that Appellant’s suit was frivolous.  On September 26, 2005, Appellant filed a motion requesting the court to vacate its order of dismissal and to grant a new trial.  This appeal followed.  

In one issue on appeal, Appellant argues that “[t]he trial court lack[ed] . . . jurisdiction over the parties in the case” and thus “did not have jurisdiction to enter [the] order.”  He does not complain about the merits of the trial court’s decision.  Rather, he argues that mandatory venue existed elsewhere, citing Section 15.019 of the Civil Practice and Remedies Code, which provides that “an action that accrued while the plaintiff was housed in a facility operated by or under contract with the [TDCJ] shall be brought in the county in which the facility is located.”
(footnote: 3)  

However, Section 15.019 is included within the chapter of the Texas Civil Practice and Remedies Code entitled “Venue;” thus, this provision governs venue rather than jurisdiction.
(footnote: 4)  Venue and jurisdiction are two separate questions.
(footnote: 5)  “Jurisdiction is the power of the court to decide a controversy between parties and to render and enforce a judgment with respect thereto; venue is the proper place where that power is exercised.”
(footnote: 6)  Neither party presents—nor do we find—any reason why the trial court lacked jurisdiction over the parties or jurisdiction to decide this case.  

Venue requirements, unlike jurisdictional requirements, may be waived, even if mandatory.
(footnote: 7)  Section 15.063 of the Texas Civil Practice and Remedies Code provides that “[t]he court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue” under certain conditions.
(footnote: 8)  However, case law indicates that this section 
provides such a vehicle for 
defendants
, and that a 
plaintiff
 may not correct an improper venue choice by filing a motion to transfer venue.
(footnote: 9)  In addition, our sister court in Amarillo recently addressed the issue now before us with regard to Section 15.019—the mandatory venue provision involved in our case—and held that “[i]t is the plaintiff’s right to select a venue in which to file his suit and, when that venue choice is not properly challenged through a motion to transfer venue, the propriety of his choice is fixed in the county chosen by him.”
(footnote: 10)  Here, Appellees, defendants below, did not file a motion to transfer venue.
(footnote: 11)  Thus, venue became fixed in Wichita County, and the trial court had authority to decide Appellant’s claims as well as Appellees’ frivolousness challenge to those claims.
(footnote: 12)  We overrule Appellant’s issue, and we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: DAUPHINOT, WALKER, AND MCCOY, JJ.

DELIVERED:  May 18, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.001-.014 (Vernon 2002).

3:
Id.
 § 15.019(a).

4:
See, e.g., Milton v. Cockrell, 
No. 07-03-0047-CV, 2005 WL 1936203, at *1 (Tex. App.—Amarillo Aug. 12, 2005, pet. denied) (mem. op)
; see also In re P.D.M., 
117 S.W.3d 453, 455-56 (Tex. App.—Fort Worth 2003, pet. denied) (discussing Texas Family Code provisions and their titles).

5:
See, e.g.,
 
State v. Pounds
, 525 S.W.2d 547, 550 (Tex. Civ. App.—Amarillo 1975, writ ref’d n.r.e.).

6:
Id.

7:
Jozwiak v. Jozwiak, 
476 S.W.2d 857, 861 (Tex. Civ. App.—Houston [14th Dist.] 1972, no writ) (citing 
Camelia Diced Cream Co. v. Chance
, 339 S.W.2d 558, 561-62 (Tex. Civ. App.—Houston 1960, no writ)). 

8:
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.063(a).

9:
Tenneco, Inc. v. Salyer
, 739 S.W.2d 448, 449 (Tex. App.—Corpus Christi 1987, orig. proceeding).

10:
Milton
, 2005 WL 1936203, at *1 (
citing 
Wilson v. Tex. Parks & Wildlife Dep't
, 886 S.W.2d 259, 260 (Tex. 1994), 
overruled in part on other grounds by Golden Eagle Archery, Inc
.
 v. Jackson
, 24 S.W.3d 362 (Tex. 2000); 
Rosales v. H.E. Butt Grocery Co.
, 905 S.W.2d 745, 747 (Tex. App.—San Antonio 1995, writ denied)).

11:
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.063(a). 

12:
Milton, 
2005 WL 1936203, at *1
.