COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-410-CV

 

MICHAEL
SCOTT                                                                 APPELLANT

 

                                                   V.

 

 

BRIAN
MCMILLIAN, APRIL                                                     APPELLEES

DEMARONEY, LEROY GRAY,

LAWRENCE PATTISON,
TIMOTHY

CRAWFORD, DONALD EDWARDS,


GREGORY HARRISON, RICHARD


PHILLIPS, TOMMY NEW,
RUSTY 

HOPKINS, JONATHAN CRAINE,

MARVIN CAIN, FRANK 

POHLMEIER, BOBBY 

STUBBLEFIELD AND KEITH
ODELL

                                                                                                        

                                              ------------

 

             FROM THE 89th DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Michael Scott, proceeding pro se and in
forma pauperis, is an inmate confined in the McConnell Unit of the Texas
Department of Criminal JusticeCCorrectional
Institutions Division (TDCJ-CID).  He
sued Appellees Brian McMillian, April DeMaroney, Leroy Gray, Lawrence Pattison,
Timothy Crawford, Donald Edwards, Gregory Harrison, Richard Phillips, Tommy
New, Rusty Hopkins, Jonathan Craine, Marvin Cain, Frank Pohlmeier, Bobby
Stubblefield, and Keith Odell, alleging assault and battery.  Because we hold that the trial court was
authorized to enter the order dismissing Appellant=s case,
we affirm the trial court=s judgment.

Appellant initially sued Appellee Brian McMillian
on June 7, 2004, alleging assault and battery. 
The alleged incident occurred at the Clements Unit of the TDCJ-CID,
located in Potter County.  However,
Appellant filed suit in Wichita County. 
McMillian filed an answer and jury demand on December 27, 2004, in
Wichita County.  On April 11, 2005,
Appellant amended his petition, adding as defendants the remaining
Appellees.  ASgt.
Harris@ was
also a named defendant.








On May 16, 2005, 
having Arecognize[d] that he mistakenly
filed suit in the incorrect venue,@
Appellant filed a motion to transfer venue to Potter County.  On May 18 and 19 and June 22, 2005, the newly
added defendants filed answers and jury demands.  On August 1, 2005, Appellees filed a motion
to dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code.[2]  Appellant amended his petition again on
August 22, 2005, removing ASgt.
Harris@ from
the named defendants.  The trial court
granted Appellees= motion to dismiss on August 24,
2005, holding that Appellant=s suit
was frivolous.  On September 26, 2005,
Appellant filed a motion requesting the court to vacate its order of dismissal
and to grant a new trial.  This appeal
followed.  

In one issue on appeal, Appellant argues that A[t]he
trial court lack[ed] . . . jurisdiction over the parties in the
case@ and
thus Adid not
have jurisdiction to enter [the] order.@  He does not complain about the merits of the
trial court=s decision.  Rather, he argues that mandatory venue
existed elsewhere, citing Section 15.019 of the Civil Practice and Remedies
Code, which provides that Aan
action that accrued while the plaintiff was housed in a facility operated by or
under contract with the [TDCJ] shall be brought in the county in which the
facility is located.@[3]  








However, Section 15.019 is included within the
chapter of the Texas Civil Practice and Remedies Code entitled AVenue;@ thus,
this provision governs venue rather than jurisdiction.[4]  Venue and jurisdiction are two separate
questions.[5]  AJurisdiction
is the power of the court to decide a controversy between parties and to render
and enforce a judgment with respect thereto; venue is the proper place where
that power is exercised.@[6]  Neither party presentsCnor do
we findCany
reason why the trial court lacked jurisdiction over the parties or jurisdiction
to decide this case.  








Venue requirements, unlike jurisdictional
requirements, may be waived, even if mandatory.[7]  Section 15.063 of the Texas Civil Practice
and Remedies Code provides that A[t]he
court, on motion filed and served concurrently with or before the filing of the
answer, shall transfer an action to another county of proper venue@ under
certain conditions.[8]  However, case law indicates that this section
provides such a vehicle for defendants, and that a plaintiff may
not correct an improper venue choice by filing a motion to transfer venue.[9]  In addition, our sister court in Amarillo
recently addressed the issue now before us with regard to Section 15.019Cthe
mandatory venue provision involved in our caseCand held
that A[i]t is
the plaintiff=s right to select a venue in
which to file his suit and, when that venue choice is not properly challenged
through a motion to transfer venue, the propriety of his choice is fixed in the
county chosen by him.@[10]  Here, Appellees, defendants below, did not
file a motion to transfer venue.[11]  Thus, venue became fixed in Wichita County,
and the trial court had authority to decide Appellant=s claims
as well as Appellees= frivolousness challenge to
those claims.[12]  We overrule Appellant=s issue,
and we affirm the trial court=s
judgment.                          

PER
CURIAM

 

PANEL F:    DAUPHINOT, WALKER, AND MCCOY, JJ.








DELIVERED:  May 18, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Civ. Prac. & Rem.
Code Ann. ' 14.001-.014 (Vernon 2002).





[3]Id. '
15.019(a).





[4]See, e.g., Milton v. Cockrell, No. 07‑03‑0047‑CV, 2005 WL 1936203,
at *1 (Tex. App.CAmarillo Aug. 12, 2005, pet. denied) (mem. op); see
also In re P.D.M., 117 S.W.3d 453, 455-56 (Tex. App.CFort
Worth 2003, pet. denied) (discussing Texas Family Code provisions and their
titles).





[5]See, e.g., State
v. Pounds, 525 S.W.2d 547, 550 (Tex. Civ. App.CAmarillo
1975, writ ref=d n.r.e.).





[6]Id.





[7]Jozwiak v. Jozwiak, 476 S.W.2d 857, 861 (Tex. Civ. App.CHouston [14th Dist.] 1972, no writ) (citing Camelia
Diced Cream Co. v. Chance, 339 S.W.2d 558, 561-62 (Tex. Civ. App.CHouston
1960, no writ)). 





[8]Tex. Civ. Prac. & Rem.
Code Ann. ' 15.063(a).





[9]Tenneco, Inc. v. Salyer, 739 S.W.2d 448, 449 (Tex. App.CCorpus
Christi 1987, orig. proceeding).





[10]Milton, 2005
WL 1936203, at *1 (citing Wilson v. Tex. Parks & Wildlife Dep't, 886
S.W.2d 259, 260 (Tex. 1994), overruled in part on other grounds by Golden
Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362 (Tex. 2000); Rosales
v. H.E. Butt Grocery Co., 905 S.W.2d 745, 747 (Tex. App.CSan
Antonio 1995, writ denied)).





[11]Tex. Civ. Prac. & Rem.
Code Ann. ' 15.063(a). 





[12]Milton, 2005
WL 1936203, at *1.