Opinion issued May 31, 2007


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00395-CV






MICHAEL SCOTT, Appellant


V.


JOSEPH FARRAR, DARRYL GLENN, AND S. WHATLEY, Appellees






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 04-CV-139281






MEMORANDUM OPINION


 Appellant, Michael Scott, a prison inmate, appeals pro se and in forma
pauperis from the trial court's denial of his claims against appellees, Joseph Farrar,
Darryl Glenn, and S. Whatley. The trial court dismissed appellant's suit pursuant to
Chapter 14 of the Texas Civil Practice and Remedies Code. (1) In one issue on appeal,
appellant argues that the trial court entered a void order. 

 We affirm.

Background


 On October 28, 2004, appellant brought suit in Fort Bend county against the
appellees for denying him access to the law library. On April 8, 2005, appellant filed
a motion to transfer venue in which he stated that he "mistakenly filed suit in Fort
Bend County." He asserted that his suit is subject to the mandatory venue provisions
at section 15.019 of the Texas Civil Practice and Remedies Code, (2) and he prayed that
the trial court transfer venue to Potter County, Texas. (3) Appellees answered and
generally denied the allegations. Appellees filed a motion to dismiss under Chapter
14 claiming that appellant did not exhaust his administrative remedies by failing to
attach "Step 1" and "Step 2" written grievance decisions required by section
14.005(a)(2) of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(a)(2) (Vernon 2002). The motion to dismiss also alleged that
appellant failed to file an affidavit of his previous suits in accordance with section
14.004. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002). Appellant
responded that he did file the written grievance decisions on January 10, 2005 and
that he filed the affidavit related to his previous filings on October 28, 2004.

 On January 6, 2006, the trial court ordered that the petition filed by appellant
was not in compliance with the requirements set forth by Chapter 14 of the Texas
Civil Practice and Remedies Code and dismissed the claims against defendants as
frivolous. Appellant filed a motion to vacate the trial court's order of dismissal, or
in the alternative, motion for new trial. Appellant argued that the trial court's order
was void due to lack of jurisdiction over the parties because the incident giving rise
to the suit occurred in Potter County and, therefore, his suit should have been filed
in Potter county. (4) On appeal, appellant argues that mandatory venue is provided by
section 15.019 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac.
& Rem. Code Ann. 15.019 (Vernon 2002).

Venue


 In his sole issue on appeal, appellant argues that the trial court's venue was not
a proper venue for appellant to have brought suit, which caused the trial court to
render a void order. Appellant makes no complaint about the merits of the trial
court's order of dismissal. 

 "[A]n action that accrued while the plaintiff was housed in a facility operated
by or under contract with the Texas Department of Criminal Justice shall be brought
in the county in which the facility is located." Tex. Civ. Prac. & Rem. Code Ann.
§ 15.019(a). Filing a lawsuit in a county of improper venue is not a jurisdictional
defect that would render a trial court's actions void. See Gordon v. Jones, 196
S.W.3d 376, 383 (Tex. App.--Houston [1st Dist.] 2006, no pet.) ("Venue pertains
solely to where a suit may be brought and is a different question from whether the
court has 'jurisdiction of the property or thing in controversy.'"). "Subject-matter
jurisdiction refers to the court's power to hear a particular type of suit." Id. at 382. 
In contrast, venue "refers to the propriety of prosecuting, in a particular form, a suit
on a given subject matter with specific parties, over which the forum must,
necessarily, have subject-matter jurisdiction." Id. at 383. "Venue may and generally
does refer to a particular county. . . ." Id. "Venue pertains solely to where a suit may
be brought and is a different question from whether the court has jurisdiction of the
property or thing in controversy." Id. (citations and internal quotations omitted). 
"Moreover, unlike subject-matter jurisdiction, which may be challenged at any time,
venue may be waived if not challenged in due order and on a timely basis." Id.
(citing former Tex. R. Civ. P. 86(1)) (internal citation omitted). "Because it may be
waived, venue is not 'jurisdictional.'" Id.

 Appellant contends that because the William P. Clements unit, where appellant
is incarcerated, is in Potter County, he should have filed his lawsuit there, rather than
Fort Bend County, pursuant to section 15.019(a) of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 15.019(a). We have
previously held that filing suit in a different county, instead of in the venue mandated
by section 15.019, neither deprives the trial court of subject matter jurisdiction nor
renders the trial court's order of dismissal void. (5) See Scott v. Gallagher, 209 S.W.3d
262, 264-65 (Tex. App.--Houston [1st Dist.] 2006, no pet.); see also In re Johnson,
12-07-00032-CV, 2007 WL 259255, at *1 (Tex. App.--Tyler Jan. 31, 2007, orig.
proceeding) (mem. op) ("Filing a lawsuit in a county of improper venue is not a
jurisdictional defect that would render a trial court's actions void."). Accordingly,
we hold that the trial court did not lack jurisdiction and, thus, its order of dismissal
is not void.

 We overrule appellant's sole issue on appeal.



Conclusion


 We affirm the trial court's order that dismissed appellant's claims.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

1. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002) (holding that a court
may dismiss a claim if claim is frivolous or malicious). 
2. See Tex. Civ. Prac. & Rem. Code Ann. § 15.019(a) (Vernon 2002).
3. The appellate record does not reflect that the trial court ruled on appellant's motion
to transfer venue.
4. The record does not reflect that the trial court ruled on appellant's motion.
5. Moreover, "neither the venue statute nor the amended rules specifically allow a
plaintiff to file a motion to transfer venue if he has improvidently brought suit in an
improper county." Tenneco, Inc. v. Salyer, 739 S.W.2d 448, 449 (Tex. App.--Corpus
Christi 1987, orig. proceeding). Rather, section 15.063 gives defendants the option
of challenging venue. See id. "It is the plaintiff's right to select a venue in which to
file his suit, and when that venue choice is not properly challenged through a motion
to transfer venue, the propriety of his choice is fixed in the county chosen by him." 
Milton v. Cockrell, No. 07-03-00047-CV, 2005 WL 1936203, at *1 (Tex.
App.--Amarillo Aug. 12, 2005, pet denied) (mem. op).