**Opinion filed October 28, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00128-CV

_____

## RICHARD M. KING JR., Appellant

## V.

## HONORABLE ERIC CLIFFORD, Appellee

**On Appeal from 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 23536-A**

## M E M O R A N D U M   O P I N I O N

Richard M. King Jr. sued Judge Eric Clifford and several other defendants in Scurry County. King alleged that he had attempted to file suit in Lamar County for claims arising out of his 1997 criminal trial and conviction but that Judge Clifford had wrongfully refused to rule on his motion to proceed in forma pauperis and had wrongfully prevented the Lamar County District Clerk from filing his petition.[1] The trial court granted Judge Clifford's motion to dismiss

---

[1]King had been previously declared a vexatious litigant by a different district judge.

and severed King's claims against him. King challenges the judgment with a single issue,[2] contending that the trial court lacked jurisdiction to rule on the motion to dismiss. We affirm.

Every defendant except Judge Clifford filed a motion to transfer venue. Judge Clifford filed a motion to dismiss based upon judicial immunity. The trial court held a hearing on the pretrial motions and determined that it would first consider the motions to transfer venue. After hearing argument, the trial court announced that, excluding Judge Clifford, it would transfer venue of King's suit to Lamar County. The trial court then considered Judge Clifford's motion to dismiss. After hearing additional argument, the trial court announced that King's claims were barred by judicial immunity, that it was granting the motion to dismiss, and that it would sever King's claims against Judge Clifford from those being transferred.

King does not complain of the finding that his claims were barred by judicial immunity. Instead, King reasons that the trial court's decision to grant the motions to transfer was an admission that it lacked jurisdiction and, therefore, that it erred by not transferring his claims against Judge Clifford to Lamar County. King is improperly conflating venue with jurisdiction.

Jurisdiction and venue are not synonymous. *State v. Pounds*, 525 S.W.2d 547, 550 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.). Venue pertains solely to where a suit may be brought. *Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Jurisdiction refers to a court's power to determine the merits of an action. *Id.* at 382. A court without jurisdiction over a particular cause has no choice but to dismiss. *State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994). But, if a motion to transfer is sustained, the trial court transfers the cause to the proper court. TEX. R. CIV. P. 89. Thus, the transfer of a case from one court to another pertains to venue, not jurisdiction. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005); *see also Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex. 2004) (filing suit in the wrong county did not deprive the trial court of jurisdiction). The trial court's venue ruling, thus, was not a jurisdictional holding.

Nor did the trial court lose jurisdiction merely because it orally announced that it was granting the motions to transfer venue. The trial court chose to consider the motions to transfer first, but it was clear that the trial court did not consider its oral pronouncement as a final ruling or as addressing Judge Clifford. The trial court told King after his oral argument on venue that it

_____

[2]King attempted to add a second issue in his second supplemental brief, arguing that the trial court had a preconceived bias or prejudice against him because it knew some of the defendants. That issue has not been preserved because it was not raised below. TEX. R. APP. P. 33.1(a).

would execute an order transferring venue for the defendants other than Judge Clifford, asked counsel to submit a proposed order that did not include Judge Clifford, and immediately thereafter took up Judge Clifford's motion to dismiss.

Finally, King argues that Judge Clifford challenged the trial court's jurisdiction with his own answer and motion to dismiss. Judge Clifford's motion to dismiss asserted judicial immunity, failure to state a claim, and a plea to the jurisdiction. This motion raised Judge Clifford's immunity from suit, but it did not challenge the trial court's subject-matter jurisdiction. However, even if Judge Clifford had challenged the trial court's jurisdiction, the dispositive question is not whether jurisdiction was challenged but, rather, whether the trial court had subject-matter jurisdiction. The answer is yes. Courts of general jurisdiction have presumptive subject-matter jurisdiction unless a contrary showing is made. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002). No such showing has been made here. King's issue is overruled.

The judgment of the trial court is affirmed.


RICK STRANGE
JUSTICE


October 28, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.