

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00456-CV

_____

RAN LI, Appellant

V.

YAXIN LI, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-326383-21

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Ran Li, appearing pro se, appeals the trial court's order granting Appellee Yaxin Li's plea to the jurisdiction. Because we hold that the trial court did not err by granting the plea to the jurisdiction, we affirm.

## I. Background

Ran and Yaxin Li, both residents of Texas, are the sons of En Cheng, a resident of China. En Cheng died on June 16, 2017, in China, and the assets of his estate are located in China. It appears that after En Cheng's death, Ran and Yaxin agreed on how they would collect and divide their father's assets. However, according to Ran, Yaxin did not distribute the funds as agreed upon by the brothers. Ran filed a lawsuit in China to settle the estate of En Cheng.

In 2018, the Court of the Western District, Beijing City, issued a judgment dividing the personal property of En Cheng—including deposits at several banks in China, a pension fund, and a deposit at a senior care center—between the brothers. In 2019, the same court issued a judgment ordering the sale of En Cheng's real property in China and the proceeds to be divided between the brothers.

After the judgments were issued in China, Ran filed suit in Tarrant County, Texas alleging causes of action against Yaxin for breach of contract, declaratory relief, breach of fiduciary duty, fraudulent inducement, common-law fraud, constructive fraud, negligent misrepresentation, quantum meruit, and promissory estoppel. Yaxin filed a plea to the jurisdiction arguing that the suit concerned estate matters that were

2

within the exclusive jurisdiction of the court in China. After a hearing on the plea to the jurisdiction, the trial court ordered the parties to mediation. Ran objected to the trial court's order for mediation stating that mediation would be "fruitless" and that Yaxin was attempting to exhaust Ran's resources. Ran appealed the trial court's order for mediation to this court, and we dismissed the appeal for want of jurisdiction. *Li v. Li*, No. 02-22-00382-CV, 2022 WL 16845106, at \*1 (Tex. App.—Fort Worth Nov. 10, 2022, pet. denied) (mem. op.). It does not appear from the record before us that the parties participated in mediation. The trial court granted Yaxin's plea to the jurisdiction, and Ran appeals.

## II. Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action "without regard to whether the claims asserted have merit." *Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Typically, the plea challenges whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* Whether a trial court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction are questions of law that we review de novo. *City of Westworth Vill. v. City of White Settlement*, 558 S.W.3d 232, 239 (Tex. App.—Fort Worth 2018, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, just as the trial court must do. *Miranda*, 133 S.W.3d at 227; *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the factfinder will resolve the question. *Miranda*, 133 S.W.3d at 227–28. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228. This standard mirrors our review of summary judgments where we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

## III. Analysis

In one issue with multiple sub-issues, Ran argues that the trial court erred by granting the plea to the jurisdiction. He contends that Yaxin committed "wrongdoings" by obtaining funds from En Chang's estate and refusing to respond to Ran's requests for his share of the funds. Ran argues that he suffered severe damages as a result of Yaxin's wrongdoings, but he could not bring suit in China to recover for those damages. Ran, therefore, brought suit in Texas to recover for Yaxin's wrongdoings, and he argues that the trial court had subject matter jurisdiction over the suit.

4

Ran argues that the trial court had jurisdiction over Yaxin's wrongdoings pursuant to Texas Civil Practice and Remedies Code Sections 15.002(a)(1), 15.002(a)(2), and 15.035(a).

Section 15.002(a)(1) provides that all lawsuits shall be brought "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred[.]" Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

Section 15.002(a)(2) provides that all lawsuits shall be brought "in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person." *Id.* § 15.002(a)(2).

Section 15.035(a) provides that

> if a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him either in that county or in the county in which the defendant has his domicile.

*Id.* § 15.035(a).

However, those statutes address venue rather than jurisdiction. Jurisdiction and venue are not synonymous. *State v. Pounds*, 525 S.W.2d 547, 550 (Tex. App.—Amarillo 1975, writ ref'd n.r.e.). Jurisdiction is the power of the court to decide a controversy between the parties and to render and enforce a judgment with respect thereto; venue is the proper place where that power is exercised. *Id.* Therefore, the statutes relied upon by Ran are not relevant to a determination of the trial court's jurisdiction.

5

Ran also argues that his pleadings and evidence establish that the subject matter of the suit is Yaxin's wrongdoings and that the trial court has subject matter jurisdiction over those wrongdoings. In deciding a plea to the jurisdiction, the court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

According to Ran's amended petition, he and Yaxin entered into five contracts:

1. An agreement that Ran would appoint Yaxin as his agent for their father's death subsidiary and funeral aid fee. Yaxin would act as estate administrator and executor of their father's estate and would distribute the funds between the parties.

2. An agreement to appoint an agent to process the transfer and title of the real property from their father's estate.

3. An agreement to appoint an agent to withdraw the money from En Chang's bank accounts.

4. An agreement to return money their father had given them for expenses while he was living with them.

5. An agreement to maintain their father's apartment and pay any HOA and heating fees.

Because we do not consider the merits of the case in determining a plea to the jurisdiction, we do not address whether the alleged contracts are valid and enforceable. *See id.* Ran alleges in his amended petition that Yaxin breached those contracts. His remaining causes of action relate to the five alleged contracts. All of the alleged contracts concern the administration of En Cheng's estate. Ran's alleged

contracts one, two, and three were all created in China. It is unclear from the record where alleged contracts four and five were created, but the father's apartment is located in China and any maintenance and fees would occur in China.

In his plea to the jurisdiction, Yaxin argued that a court in China has exclusive jurisdiction of the probate of En Chang's estate and the distribution of assets. Yaxin further argued that any subsequent rulings and orders pertaining to the estate are exclusively enforceable under the laws of China and cited applicable Chinese law. Yaxin also filed a Notice to Take Judicial Notice of Governing Law providing notice to the trial court and Ran that the events and matters regarding En Cheng's estate should be determined under the applicable law.

In his response to the plea to the jurisdiction, Ran stated that no other court had exclusive and continuing jurisdiction, that both parties are residents of Texas, and relevant agreements occurred in Texas. Ran further stated in his amended response that Yaxin relied on invalid and outdated law from China in his plea to the jurisdiction.

All of Ran's causes of action originate from the administration of the estate of En Cheng, and all of the assets from the estate are in China. Ran acknowledges that he filed two suits in China to settle his father's estate. The Court of the Western District, Beijing City, issued two judgments dividing the estate between Ran and Yaxin. Ran does not seek to have the court in Texas recognize the judgments from

7

China pursuant to Section 36A.004 of the Texas Civil Practice and Remedies Code.[1]

Rather, Ran has raised new claims in Texas in an effort to circumvent the judgments from China and obtain assets from En Chang's estate and damages from Yaxin for his handling of the estate.

In *Brittingham-Sada de Powers v. Ancillary Est. of Brittingham-McLean*, a court in Mexico probated the estate of Brittingham-McLean, a resident of Mexico, and distributed the assets to his heirs. 158 S.W.3d 518, 521 (Tex. App.—San Antonio 2004, pet. denied). The deceased's widow filed suit against the estate in Mexico and also filed an application to probate the will in Texas. *Id.* at 522. She then filed suit against the appellants claiming they withdrew money from the estate without first paying the legitimate debts of the estate. *Id.* Our sister court in San Antonio noted that although Texas has a substantial interest in adjudicating probate disputes, no estate assets were located in Texas. *Id.* at 525. The court further noted that the Mexican probate court had assigned a value and priority to the note at issue in the suit. *Id.* In concluding that the trial court in Texas did not have jurisdiction, the court

---

[1]Section 36A.004(a) of the Texas Civil Practice and Remedies Code states that "[e]xcept as otherwise provided in Subsections (b) and (c), a court of this state shall recognize a foreign-country judgment to which this chapter applies." Tex. Civ. Prac. & Rem. Code Ann. § 36A.004(a). Subsection (b) sets out when a court of this state may not recognize a foreign-country judgment, and Subsection (c) provides when a court of this state is not required to recognize a foreign-country judgment. *Id.* § 36A.004(b), (c). Section 36A.004(d) states that "[a] party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for nonrecognition stated in Subsection (b) or (c) exists." *Id.* § 36A.004(d).

stated that there was no evidence that the Mexican court lacked jurisdiction to resolve the claims presented by the appellees. *Id.*

Although Ran states in his brief that the law in China does not support his causes of action, he provided no evidence that the court in China lacks jurisdiction to resolve his claims. *See id.* Moreover, it appears that the claims for breach of the alleged contracts have been resolved by the two judgments issued by the court in China. The remaining causes of action relate to the alleged contracts. Ran contends that Yaxin has committed "wrongdoings" by refusing to respond to his requests for his share of the funds; however, as previously stated, Ran does not seek to have the court in Texas recognize the judgments from China pursuant to Section 36A.004 of the Texas Civil Practice and Remedies Code. Because Ran's pleadings and evidence do not affirmatively demonstrate the trial court's jurisdiction over the claims, we hold that the trial court did not err by granting Yaxin's plea to the jurisdiction. We overrule Ran's sole issue on appeal.

## IV. Conclusion

We affirm the trial court's order granting Yaxin's plea to the jurisdiction.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 27, 2023

9