NO.
12-07-00032-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: R. WAYNE
JOHNSON,      §          ORIGINAL PROCEEDING

RELATOR

§          

 

 



MEMORANDUM OPINION

            R. Wayne
Johnson, a pro se inmate proceeding in forma pauperis, seeks a writ of mandamus
directing the trial court to vacate its order dated October 23, 2006 entered in
trial court cause number 06-1751-B. 
Johnson contends that the trial court had no jurisdiction over the
lawsuit because he filed it in the wrong county.  

            An action
that accrues while a plaintiff is housed in a facility operated by or under
contract with the Texas Department of Criminal Justice shall be brought in the
county in which the plaintiff is located. 
See Tex. Civ. Prac. &
Rem. Code Ann. § 15.019(a) (Vernon 2002).  Johnson is located in Potter County, but
filed the underlying lawsuit in Smith County. 
He argues that because the lawsuit was not filed in the county where he
is located, as required by section 15.019(a), the trial court had no
jurisdiction to enter its October 23, 2006 order.  

            Jurisdiction
and venue are not synonymous.  Gordon
v. Jones, 196 S.W.3d 376, 383 (Tex. App.–Houston [1st Dist.] 2006, no
pet.).  Jurisdiction refers to the power
of a court, under the constitution and laws, to determine the merits of an
action between the parties and to render a judgment.  Id. at 382.  Venue refers to the propriety of prosecuting,
in a particular form, a suit on a given subject matter with specific parties,
over which the forum must necessarily have subject matter jurisdiction.  Id. at 383.  Venue pertains solely to where a suit may be
brought and is a different question from whether the court has jurisdiction of
the property or thing in question.  Scott
v. Gallagher, No. 01-05-00119-CV, 2006 Tex. App. LEXIS 9511, at *4
(Tex. App.–Dallas Nov. 2, 2006, no pet.). 
Venue may and generally does refer to a particular county.   Gordon, 196 S.W.3d at
383.

            Section
15.019(a) is a venue statute.  Filing a
lawsuit in a county of improper venue is not a jurisdictional defect that would
render a trial court’s actions void.  Id.  Therefore, Johnson is not entitled to the
relief he seeks.  Accordingly, the
petition for writ of mandamus is denied.  

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered January 31,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)