Opinion filed October 28,
2010

 

                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                    
__________

 

                                           
No. 11-10-00128-CV

                                                   
__________

 

                               
RICHARD M. KING JR., Appellant

 

                                                                 
V.

 

                                
HONORABLE ERIC CLIFFORD, Appellee



 

                                    
On Appeal from 132nd District Court 

 

                                                          
Scurry County, Texas

 

                                                  
Trial Court Cause No. 23536-A

 



 

                                           
M E M O R A N D U M   O P I N I O N

 

Richard
M. King Jr. sued Judge Eric Clifford and several other defendants in Scurry
County.  King alleged that he had attempted to file suit in Lamar County
for claims arising out of his 1997 criminal trial and conviction but that Judge
Clifford had wrongfully refused to rule on his motion to proceed in forma
pauperis and had wrongfully prevented the Lamar County District Clerk from
filing his petition.[1] 
The trial court granted Judge Clifford’s motion to dismiss and severed King’s
claims against him.  King challenges the judgment with a single issue,[2] contending that the trial court lacked
jurisdiction to rule on the motion to dismiss.  We affirm.

Every
defendant except Judge Clifford filed a motion to transfer venue.  Judge
Clifford filed a motion to dismiss based upon judicial immunity.  The
trial court held a hearing on the pretrial motions and determined that it would
first consider the motions to transfer venue.  After hearing argument, the
trial court announced that, excluding Judge Clifford, it would transfer venue
of King’s suit to Lamar County.  The trial court then considered Judge
Clifford’s motion to dismiss.  After hearing additional argument, the
trial court announced that King’s claims were barred by judicial immunity, that
it was granting the motion to dismiss, and that it would sever King’s claims
against Judge Clifford from those being transferred.

King
does not complain of the finding that his claims were barred by judicial
immunity.  Instead, King reasons that the trial court’s decision to grant
the motions to transfer was an admission that it lacked jurisdiction and,
therefore, that it erred by not transferring his claims against Judge Clifford
to Lamar County.  King is improperly conflating venue with
jurisdiction.  

Jurisdiction
and venue are not synonymous.  State v. Pounds, 525 S.W.2d 547, 550
(Tex. Civ. App.—Amarillo 1975, writ ref’d n.r.e.).  Venue pertains solely
to where a suit may be brought.  Gordon v. Jones, 196 S.W.3d 376,
383 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Jurisdiction refers to
a court’s power to determine the merits of an action.  Id. at
382.  A court without jurisdiction over a particular cause has no choice
but to dismiss.  State v. Morales, 869 S.W.2d 941, 949 (Tex.
1994).  But, if a motion to transfer is sustained, the trial court
transfers the cause to the proper court.  Tex. R. Civ. P. 89.  Thus, the transfer of a case from
one court to another pertains to venue, not jurisdiction.  Gonzalez v.
Reliant Energy, Inc., 159 S.W.3d 615, 622 (Tex. 2005); see also Univ. of
Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 360 (Tex.
2004) (filing suit in the wrong county did not deprive the trial court of
jurisdiction).  The trial court’s venue ruling, thus, was not a
jurisdictional holding.

Nor
did the trial court lose jurisdiction merely because it orally announced that
it was granting the motions to transfer venue.  The trial court chose to
consider the motions to transfer first, but it was clear that the trial court
did not consider its oral pronouncement as a final ruling or as addressing
Judge Clifford.  The trial court told King after his oral argument on
venue that it would execute an order transferring venue for the defendants
other than Judge Clifford, asked counsel to submit a proposed order that did
not include Judge Clifford, and immediately thereafter took up Judge Clifford’s
motion to dismiss.

Finally,
King argues that Judge Clifford challenged the trial court’s jurisdiction with
his own answer and motion to dismiss.  Judge Clifford’s motion to dismiss
asserted judicial immunity, failure to state a claim, and a plea to the
jurisdiction.  This motion raised Judge Clifford’s immunity from suit, but
it did not challenge the trial court’s subject-matter jurisdiction. 
However, even if Judge Clifford had challenged the trial court’s jurisdiction,
the dispositive question is not whether jurisdiction was challenged but,
rather, whether the trial court had subject-matter jurisdiction.  The
answer is yes.  Courts of general jurisdiction have presumptive
subject-matter jurisdiction unless a contrary showing is made.  Subaru
of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex.
2002).  No such showing has been made here.  King’s issue is
overruled.

The
judgment of the trial court is affirmed.

 

 

           


RICK
STRANGE

                                                                                   
JUSTICE

 

October 28, 2010

Panel consists of:  Wright,
C.J.,

McCall, J., and Strange, J.














[1]King had been
previously declared a vexatious litigant by a different district judge.





[2]King attempted
to add a second issue in his second supplemental brief, arguing that the trial
court had a preconceived bias or prejudice against him because it knew some of
the defendants.  That issue has not been preserved because it was not
raised below.  Tex. R. App. P. 33.1(a).