Opinion issued
December 2, 2010

 



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NO.  01-09-00490-CV

———————————

Michael
Scott,
Appellant

V.

Joe Mireles, Appellee



 



 

On Appeal from the 268th
District Court 

Fort Bend County, Texas



Trial Court Case No. 08-DCV-163305

 



 

 

MEMORANDUM
OPINION

 

          Appellant,
Michael Scott, appeals an order dismissing his lawsuit.  In his sole issue, Scott asserts that the
trial court did not have jurisdiction and, therefore, its order of dismissal is
void.  We conclude that the trial court
properly exercised jurisdiction over this matter.  We therefore affirm.

Background

          Scott
was an inmate at the Texas Department of Corrections McConnell Unit.  Appellee, Joe Mireles, was a corrections
officer at the unit.  Scott filed this
lawsuit against Mireles alleging that Mireles assaulted Scott by striking Scott
with his fist on the left side of Scott’s buttocks.   Scott
filed this lawsuit in the Fort Bend County District Court.  The Attorney General’s office, acting as
amicus curiae, filed a notice that Scott has previously been declared a
vexatious litigant and that his suit is subject to dismissal if he failed to
obtain permission from the local administrative judge pursuant to section 11.103
of the Texas Civil Practice and Remedies Code. 
See Tex. Civ. Prac. & Rem.
Code Ann. § 11.103
(Vernon 2002).  After
giving 10 days’ notice, the trial court dismissed Scott’s suit.

Jurisdiction

          In
his sole issue, Scott contends that the trial court lacked subject matter
jurisdiction and, therefore, the trial court’s order of dismissal is void.  Scott asserts that the incidents giving rise
to this lawsuit occurred at the McConnell Unit, which is in Bee County, but
this lawsuit was filed in Fort Bend County, contrary to a mandatory venue
provision of the Texas Civil Practice and Remedies Code.

          “[A]n
action that accrued while the plaintiff was housed in a facility operated by or
under contract with the Texas Department of Criminal Justice shall be brought
in the county in which the facility is located.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 15.019(a) (Vernon 2002).  Filing a
lawsuit in a county of improper venue is not a jurisdictional defect that would
render a trial court’s actions void.  Scott v. Gallagher, 209 S.W.3d 262, 264
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Gordon v. Jones, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.]
2006, no pet.)).  “Subject-matter
jurisdiction refers to the court’s power to hear a particular type of suit.”  Id.
(quoting Gordon, 196 S.W.3d  at 382). 
Texas district courts are courts of general jurisdiction with the power
to “hear and determine any cause that is cognizable by courts of law or
equity.”  Thomas v. Long, 207 S.W.3d 334, 340 (Tex. 2006) (citing Tex. Gov’t Code Ann. §§ 24.007–.008 (Vernon 2004); Tex. Const. art. V, § 8).  “Courts of general jurisdiction presumably
have subject matter jurisdiction unless a contrary showing is made.”  Subaru
of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002).

          “In
contrast, venue ‘refers to the propriety of prosecuting, in a particular form,
a suit on a given subject matter with specific parties, over which the forum
must, necessarily, have subject-matter jurisdiction.’”  Scott,
209 S.W.3d at 264 (quoting Gordon,
196 S.W.3d at 383).  “Venue may and
generally does refer to a particular county . . . .”  Id.
(quoting Gordon, 196 S.W.3d at 383).  “Venue pertains solely to where a suit may be
brought and is a different question from whether the court has jurisdiction of
the property or thing in controversy.”  Id. (quoting Gordon, 196 S.W.3d at 383).  

          Here,
Scott asserts that the trial court is not a court in the county where the
events giving rise to this suit occurred. 
This is a complaint about venue, not about jurisdiction.  See id.  Accordingly, we hold that Scott’s challenge
concerning the venue of the litigation does not constitute a lack of
jurisdiction in the trial court.  Id.

          We
overrule Scott’s sole issue.

Conclusion

          We
affirm the trial court’s order dismissing this suit.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Alcala and Massengale.