Opinion issued January 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00340-CV

———————————

Michael Scott, Appellant

V.

Kimberly
Garza, Appellee



 



 

On Appeal from the 400th Judicial District
Court

Fort Bend County, Texas



Trial Court Case No. 06-DCV-148379

 



 

MEMORANDUM OPINION

          Appellant,
Michael Scott, proceeding pro se, challenges the trial court’s dismissal for
want of prosecution of his suit against appellee, Kimberly Garza.  In his sole issue, Scott contends that the trial
court “committed a fundamental error by entering an order to dismiss
appellant’s claim that was void.”

          We affirm.

Background

          On
March 20, 2006, Scott filed an original complaint in Fort Bend County alleging
that Garza, in her capacity as a “law library officer” at the McConnell Unit of
the Texas Department of Criminal Justice (“TDCJ”), which is located in Bee
County, “maliciously denied” Scott access to the legal library, preventing him
from filing responses in a pending civil suit. 
In her answer, Garza generally denied Scott’s allegations and asserted
that she had qualified immunity from suit.

          Over
four years later, the trial court issued a notice of intent to dismiss the case
for want of prosecution and set a hearing for December 27, 2010, ordering Scott
to file, at least ten days prior to the hearing, a verified motion to retain
the case.  Scott’s motion to retain was
belatedly filed on December 27, 2010, and, on January 21, 2011, the trial court
dismissed the case for lack of prosecution. 
Scott subsequently filed a motion for new trial and notice of
appeal.   

Jurisdiction

          In his sole
issue, Scott argues that the trial court “committed a fundamental error by
entering an order to dismiss appellant’s claim that was void” because it “lacked
jurisdiction over events in the suit.”   Scott asserts that the facts of the case
occurred in Bee County, the site of his incarceration and a “distinct and
totally different jurisdiction” than Fort Bend County, and, therefore, “the
trial court was deprived [of] power to enter order in the suit.”

          “Jurisdiction” refers to the power of
a court, under the Constitution and laws, to determine the merits of an action
between parties and to render a judgment. 
Gordon v. Jones, 196 S.W.3d
376, 382 (Tex. App.—Houston
[1st Dist.] 2006, no pet.). 
Subject-matter jurisdiction refers to the court’s power to hear a
particular type of suit.  Id. 
“District court jurisdiction consists of exclusive,
appellate, and original jurisdiction of all actions, proceedings, and remedies,
except in cases where exclusive, appellate, or original jurisdiction may be
conferred by this Constitution or other law on some other court, tribunal, or
administrative body.”  Tex. Const. art. 5, § 8.

In contrast, venue “refers to the propriety of prosecuting,
in a particular forum, a suit on a given subject matter with specific parties,
over which the forum must, necessarily, have subject-matter jurisdiction.”  Gordon, 196 S.W.3d
at 383.  “Venue pertains
solely to where a suit may be brought and [presents] a different question from
whether the court has jurisdiction of the property or thing in controversy.”  Id. (citations and internal
quotations omitted).  “Moreover, unlike
subject-matter jurisdiction, which may be challenged at any time, venue may be
waived if not challenged in due order and on a timely basis.”  Id.
(citing Tex. R. Civ. P. 86(1)) (internal citation omitted).  “Because it may be waived, venue is not
‘jurisdictional.’”  Id.

Chapter 15 of the Texas Civil Practice and Remedies Code, entitled
“Venue,” states that “an action that accrued while the plaintiff was housed in
a facility operated by or under contract with the Texas Department of Criminal
Justice shall be brought in the county in which the facility is located.”  Tex.
Civ. Prac. & Rem. Code Ann. § 15.019(a) (Vernon 2002).  Thus, Scott’s argument that the trial court
lacked jurisdiction because the facts of his case occurred in Bee County while
incarcerated is actually a challenge to venue. 
Here, the trial court had jurisdiction over the case as a district court
where exclusive jurisdiction had not been conferred on another court, tribunal,
or administrative body.  See Tex.
Const. art. 5, § 8.  Accordingly,
we hold that the trial court did not lack jurisdiction to hear Scott’s case,
and the trial court’s order of dismissal is not void.

We overrule Scott’s sole issue.

 

 

 

 

 

 

Conclusion

          We affirm
the order of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.