

# NUMBER 13-16-00612-CV & 13-17-00122-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ASI AVIATION, LLC,
AIRCRAFT CHARTER
MANAGEMENT SERVICES,
LLC, JUSTIN SMITH, JG GP
LLC, T & T AIR LLC, AND
CSG AVIATION, LLC,                                    Appellants,

v.

ARNOLD & ITKIN, LLP,                                    Appellee.

---

On appeal from the 107th District Court
of Cameron County, Texas.

---

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Valdez

In appellate cause number 13-16-00612-CV, appellant ASI Aviation, LLC, Aircraft Charter Management Services, LLC, Justin Smith, T&T Air LLC, and CSG Aviation, LLC (Smith) appeals a summary judgment rendered in favor of appellee Arnold & Itkin, LLP (Itkin), and in appellate cause number 13-17-00122-CV, Smith appeals the entry of an order granting turnover relief in favor of Itkin that included the appointment of a receiver.[1] By two issues, which we address together, Smith contends that the trial court abused its discretion by: (1) not granting his motion to transfer venue and (2) ordering turnover relief in favor of Itkin. In both causes, we reverse and remand.

## I.    PROCEDURAL HISTORY

In December 2011, Smith and Itkin entered into an agreement (the agreement), which provided that Smith would provide air travel services to Itkin. According to Itkin, Smith breached their agreement, so Itkin filed its original petition against Smith on November 17, 2015 in Cameron County. On December 21, 2015, Smith filed an "Objection to Venue, Motion to Transfer Venue, and Original Answer . . ." asserting that pursuant to section 15.020(b) of the Texas Civil Practice and Remedies Code, venue was improper in Cameron County and must be brought in Harris County. *See* TEX. CIV. PRAC. & REM. CODE 15.020(b). The trial court set a hearing for March 9, 2016 on Smith's motion to transfer venue. On February 9, Smith filed an "Amended Notice of Hearing" asking the trial court to reset the March 9 hearing on his motion to transfer venue to April 5, 2016. On February 22, Smith filed a letter with the trial court forgoing his motion to transfer venue hearing:

> [T]he hearing on Defendants' Motion to Transfer Venue should be passed
> and removed from its setting of April 5, 2016 . . . . [W]e will know within the

---

[1] Itkin is an attorney and represented himself throughout the proceedings.

next few weeks if the case can be settled or not. If it cannot be, then we will request that the matter be put back on the docket on an early date convenient to the Court and so as to permit [Itkin] time to file any written response to the Motion it deems appropriate.

Two months later, on April 22, Smith's counsel filed a motion to withdraw, subject to the motion to transfer venue. Next, Itkin filed a motion for summary judgment on April 27, which the trial court set for hearing on August 3.

On June 21, Smith's new counsel filed an appearance with the trial court. The next day, Smith renewed his request for a hearing on his motion to transfer venue "as soon as practicable and, at the very latest, immediately preceding [Itkin's] Traditional Motion for Summary Judgment." Five days later, Smith filed a response to Itkin's traditional motion for summary judgment. In his response, he re-urged his objection to venue, motion to transfer venue, and original answer that he had previously filed on December 21, 2015, before he addressed the merits of Itkin's summary judgment. At the motion for summary judgment hearing held on August 3, the following colloquy transpired:

| [Smith's Counsel]: | We filed the request to have the venue motion heard today, Your Honor. We filed it on the same day we filed the response to the summary judgment.[2] So it's been on file since I believe June 22nd, some date like that. |
| --- | --- |
| [Itkin]: | Your Honor, it's not set for today. |
| [The Court]: | I don't see it set for today. |
| [Smith's Counsel]: | It's not on the docket, we filed the motion and made the request to have it heard today. Why it's not on the docket —. |
| [The Court]: | Did they file — |
| [Coordinator]: | Judge, they did a request, they were told to file an order requesting a hearing, they did not do that. |

---

[2] The record shows that Smith renewed his request for a hearing on his motion to transfer venue on June 22, 2016 and filed his summary judgment response on June 27, 2016.

| [Smith's Counsel]: | Actually, nobody ever gave me that feedback, Judge. |
|---|---|
| [Itkin]: | Your Honor, this is our third time down here for the hearing for summary judgment[,] so we would ask that we proceed. Venue is not an issue. |
| [Smith's Counsel]: | Your Honor, we disagree, venue is an issue. That contract that is at issue that [Itkin] claimed was breached specifically has a venue clause on it making Harris County the proper place. This is, you know, no disrespect, but it's textbook forum shopping. Hauling people down here to the Valley, and I get it, I'm a plaintiff's lawyer, I understand why we file cases down here. But, that said, not only is venue not proper in Cameron County, we also have a contract that says venue is in Harris County. |
| [The Court]: | Well, understanding all of that, it's [sic] still holds that that motion has not been set for today. |
| [Smith's Counsel]: | There was previously set also an order, Judge, on file with the Court from the previous [2015] filing of the venue dispute. There was an order already in the file to be signed off setting it for today.[3] And our summary judgment response, as well as the motion that we filed, both of them say we need to hear the venue motion today. Venue is not proper. |
| [Itkin]: | Your Honor, they can say that, but they have a responsibility to either do the discovery that was requested, or to actually get their hearing set . . . . So your Honor, we respectfully ask that we be heard today on the actual motion that is set. |
| . . . . | |
| [The Court]: | All right. Let's proceed on the Motion for Summary Judgment. |

The trial court granted summary judgment in favor of Itkin, a final judgment against

all defendants on August 5, 2016, and awarded Itkin damages in the amount of

---

[3] The previous filing of the venue dispute reflects an order setting for March 9, 2016—not August 3, 2016.

$754,738.29. On August 30, Smith filed a motion for new trial and notice of appeal of the trial court's summary judgment order. The trial court denied Smith's motion for new trial, which Smith appeals in cause number 13-16-00612-CV. Itkin applied for turnover and appointment of a receiver on the summary judgment, which the trial court ordered on December 6, 2016. Smith filed a motion to vacate that order, and Itkin renewed its application. After a hearing, the trial court ordered turnover in favor of Itkin and appointed a receiver, which Smith now appeals in cause number 13-17-00122-CV.

## II. VENUE

Smith asserts that the trial court "refused to set the motion [to transfer venue] for hearing" thereby preserving issue on appeal. Itkin argues that Smith waived his right to complain of venue by failing to obtain a hearing and ruling on the motion to transfer venue. We agree with Smith.

### A. Applicable Law

Generally, a plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county. *In re Lowe's Home Centers, L.L.C.*, 537 S.W.3d 861, 872 (Tex. App.—Corpus Christi 2017, orig. proceeding). If the plaintiff's choice is not properly challenged through a motion to transfer venue, venue is fixed in the county in which the plaintiff filed suit. *Morris v. Tex. Parks & Wildlife Dept.*, 226 S.W.3d 720, 723 (Tex. App.—Corpus Christi 2007, no pet.). Rule 87 of the Texas Rules of Civil Procedure provides:

> 1. Consideration of motion. The determination of a motion to transfer venue *shall* be made promptly by the court and such determination *must* be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer. Except on leave of court each party is entitled to at least 45 days' notice of a hearing on the motion to transfer . . . .

5

TEX. R. CIV. PROC. 87 (emphasis added). Moreover, Rule 84 of the Texas Rules of Civil Procedure provides:

> The defendant in his answer may plead as many several matters, whether of law or fact, as he may think necessary for his defense, and which may be pertinent to the cause, and such matters shall be heard in such order as may be directed by the court, special appearance and motion to transfer venue, and the practice thereunder being excepted herefrom.

*Id*. 84. Thus, "the clear intent of Rule 84 [is] to prevent . . . the trial court proceeding on meritorious matters prior to its determination of whether venue was properly before it." *Glover v. Moser*, 930 S.W.3d 940, 944 (Tex. App.—Beaumont 1996, writ denied). Similarly, rule 86 "demands a due order of pleading to prevent the court from proceeding on 'matters related to the merits' before determining whether venue is proper.'" *Gordon v. Jones,* 196 S.W.3d 376, 384 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

**B.  Discussion**

In this case, the record reflects that Smith "persistently and continuously urged the court to provide a hearing on the motion to transfer venue." *Marshall v. Mahaffey*, 974 S.W.3d 942, 945 (Tex. App.—Beaumont 1998, pet. denied). First, he filed a motion to transfer venue in December 2015 requesting a hearing, which the trial court set for March 9. Next, Smith objected to venue on February 5, 2016. After settlement negotiations were unsuccessful and new counsel for Smith filed an appearance, Smith diligently requested a resetting on his motion to transfer venue, asserting that his venue challenge still had not been heard.

In addition, Smith directed the trial court's attention to that matter at the summary judgment hearing on August 3. Smith reiterated his previous motions and requested for the trial court to hold a hearing on his objection to venue before it proceeded on summary

judgment. Though repeatedly requested by Smith, the trial court never heard the motion to transfer venue. "It is not the duty of a party or counsel to 'demand' that the [c]ourt comply with the appropriate rules." *Id*. Because Smith took every action necessary to obtain a hearing on his motion to transfer venue, we hold that he adequately and properly met the procedural requirement of rule 87. *Id*.

Despite Smith's efforts, the trial court proceeded with Itkin's summary judgment hearing without ruling on Smith's motion to transfer venue. Rule 84 provides a trial court discretion as to the order of hearing certain matters, but a motion to transfer venue is excepted from such discretion. *See* TEX. R. CIV. P. 84. Rule 87, governing a motion to transfer venue, "acts as a non-discretionary limitation on a trial court's consideration of venue matters" because it requires that a trial court act "promptly" in these matters. *Marshall*, 974 S.W.3d at 945. Accordingly, the trial court was required to hear and determine Smith's motion to transfer venue prior to ruling on the summary judgment and proceeding with any other motions, including the order granting turnover relief and appointment of a receiver. *See Glover*, 930 S.W.3d at 945. Because the trial court did not rule on Smith's motion to transfer venue, the motion to transfer venue is not present for our review. We hold the trial court erred by not ruling on Smith's motion to transfer venue prior to proceeding with any other motions. Therefore, we sustain Smith's issues in cause numbers 13-16-00612-CV and 13-17-00122-CV.

### III. CONCLUSION

We reverse the judgment in appellate cause number 13-16-00612-CV, reverse the trial court's turnover order in cause number 13-17-00122-CV, and remand this cause to the trial court for further proceedings consistent with this opinion.

7

/s/ **Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice


Delivered and filed the
29th day of November, 2018.