Opinion issued April 27, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00675-CV

————————————

## CARLOS A. PENICHE, Appellant

## V.

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

On Appeal from the 157th District Court
Harris County, Texas
Trial Court Case No. 2019-19445

## MEMORANDUM OPINION

The Texas Department of Public Safety moved to dismiss Carlos A. Peniche's lawsuit under Rule 91a of the Texas Rules of Civil Procedure. The trial court granted the Department's motion and dismissed the suit. Peniche appeals. We affirm.

## BACKGROUND

Peniche sued the Department of Public Safety for declaratory relief under the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011.

In his live pleading, Peniche alleges he is a lawyer with a practice including a number of property-damage lawsuits against uninsured motorists. In these suits, Peniche is retained by insurance companies who have paid for the damages that their own insureds suffered in automobile accidents caused by uninsured motorists. On behalf of the insurance companies, Peniche seeks to recover the amounts they paid from the uninsured motorists who were at fault.

Peniche, in turn, only recovers the attorney's fees he is due when he collects the amounts uninsured motorists owe the insurance companies. But according to Peniche, collecting from uninsured motorists is difficult due to the debtor-friendly nature of Texas law. Thus, Peniche tries to use the license-suspension provisions of the Texas Motor Vehicle Safety Responsibility Act as a lever for collecting judgments rendered against uninsured motorists.

Under the Act, Peniche alleges, motorists must maintain a certain minimum amount of liability insurance. If an uninsured motorist is in an automobile accident resulting in property damage and does not satisfy a corresponding final judgment within 60 days, the Act requires the Department to suspend his license and vehicle registration on receipt of a certified copy of the judgment.

Peniche alleges the Department and the employee it has put in charge of suspending licenses "have adopted policies which make getting relief under the statute on the part of a judgment creditor unduly and unreasonably cumbersome, costly, and restrictive and outside the scope of the statute." In particular, Peniche complains about the four submission requirements that the Department imposes on judgment creditors before it will suspend a license: (1) a certified copy of the judgment; (2) a notice of unsatisfied judgment; (3) a transcript of civil proceedings or certificate of no appeal; and (4) a copy of the crash report.

Peniche alleges that the Act does not provide that a certified copy of the judgment is the sole or exclusive means of proving the existence of a judgment. Thus, he seeks a declaration that the Act does not require a judgment creditor to submit a certified copy of the judgment, provided that a lawyer submits an uncertified copy accompanied by an affidavit or declaration.

Peniche alleges that the Department's form for providing notice of an unsatisfied judgment limits qualifying accidents to those occurring on public highways but that the Act imposes no such public-highway requirement. Thus, he seeks a declaration that the Act does not require an accident to have occurred on a public highway to qualify for license suspension.

Peniche alleges that the Department's form for a transcript of civil proceedings or certificate of no appeal is too troublesome to complete because doing

3

so requires the timely cooperation of court employees. Thus, he seeks a declaration that his own form, which he created to replace the one required by the Department, satisfies the Act and must be accepted by the Department.

Peniche alleges that the Act does not require the submission of the crash report, also known as an accident or police report. Thus, he seeks a declaration that the Act does not require a judgment creditor to submit this report.[1]

The Department moved to dismiss Peniche's suit under Rule 91a of the Texas Rules of Civil Procedure on the basis that his claims are barred by sovereign immunity. The Department argued that Peniche did not challenge the Act itself, but rather challenged the Department's rules implementing the Act. Because the Declaratory Judgments Act does not waive sovereign immunity when a party merely seeks a declaration of his or her rights under the law, the Department reasoned, Peniche's suit is barred by sovereign immunity.

The trial court granted the Department's Rule 91a motion to dismiss.

---

[1] Peniche also alleges an employee of the Department violated the Act by enforcing the Department's four submission requirements. Our court resolved these *ultra vires* claims against Peniche in a separate appeal. *See Wilker v. Peniche*, No. 01-20-00596-CV, 2021 WL 4995513, at *2–6 (Tex. App.—Houston [1st Dist.] Oct. 28, 2021, no pet.) (mem. op.) (rejecting *ultra vires* claims against employee and dismissing suit against employee for lack of subject-matter jurisdiction). Accordingly, Peniche's allegations against the Department's employee are not at issue in the present appeal.

**DISCUSSION**

Peniche appeals. He contends the trial court erred in granting the Department's motion to dismiss because sovereign immunity does not bar his suit.

**Standard of Review**

Whether a defendant is entitled to dismissal under the facts alleged by the plaintiff is a question of law. *In re Farmers Tex. Cty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). We therefore review de novo the merits of a trial court's ruling on a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. *Id.* Likewise, whether the doctrine of sovereign immunity deprives the trial court of subject-matter jurisdiction and therefore bars a lawsuit is a question of law that we review de novo. *Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 904–05 (Tex. 2021).

**Applicable Law**

The Department of Public Safety is a state agency. TEX. GOV'T CODE § 411.002(a). State agencies have sovereign immunity, which deprives a trial court of subject-matter jurisdiction, unless the legislature has waived their immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011).

The Declaratory Judgments Act does not include a general waiver of sovereign immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019). The Act does contain a limited waiver of sovereign immunity regarding challenges to the validity of franchises, ordinances, and statutes. *See* TEX. CIV. PRAC.

& REM. CODE § 37.006(b) (providing that municipality must be made party to suit challenging validity of municipal ordinance or franchise and attorney general must be served with copy of suit challenging constitutionality of statute, ordinance, or franchise); *Swanson*, 590 S.W.3d at 552 (noting Declaratory Judgments Act includes only limited waiver for challenges to validity of ordinance or statute). But this waiver of sovereign immunity is a narrow one, and it does not allow a litigant to sue the state or its agencies seeking a declaration of his or her rights under a statute or other law or an interpretation of a statute or other law in general. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam); *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 56 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Excepting challenges to the validity of franchises, ordinances, and statutes, suits requesting declaratory relief against the state or its agencies are barred—unless the legislature has waived their sovereign immunity for the particular claim at issue in a statute other than the Declaratory Judgments Act. *Swanson*, 590 S.W.3d at 553; *see also Sefzik*, 355 S.W.3d at 621 (observing that while sovereign immunity originated to protect the public fisc from unforeseen expenditures, doctrine has expanded to shield the state from other forms of relief, including declaratory relief).[2]

---

[2] Sovereign immunity does not bar a litigant from bringing suit against a state official seeking a declaration that the official is acting outside his authority or in conflict with the law. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). But claims of this kind— known as *ultra vires* claims—must be asserted against the state official in his official capacity, not against the state or state agency itself. *Id.* at 238–39. As noted in the

## Analysis

Peniche seeks various declarations either interpreting the Texas Motor Vehicle Safety Responsibility Act in general or his rights under it in particular. Specifically, he seeks declarations that the Act's license-suspension provisions do not require submission of a certified copy of a court judgment against an uninsured motorist, apply solely to accidents occurring on public highways, or require submission of a crash report. In addition, Peniche seeks a declaration that his own substitute form for the Department's transcript of civil proceedings or certificate of no appeal satisfies the Act and therefore must be accepted by the Department.

None of Peniche's claims challenge the validity of the license-suspension provisions of the Texas Motor Vehicle Safety Responsibility Act or any other provisions of the Act. The sole basis for subject-matter jurisdiction asserted by Peniche is the Declaratory Judgments Act, which only waives sovereign immunity when a litigant challenges the validity of a franchise, ordinance, or statute. *Swanson*, 590 S.W.3d at 552. Therefore, unless some other statutory waiver of sovereign immunity exists and applies, there is no subject-matter jurisdiction to hear his claims. *See id.* at 553. Peniche has not invoked any other statutory waiver of immunity. Nor are we aware of any waiver that would have allowed the trial court to proceed.

---

previous footnote, our court in a separate appeal rejected Peniche's *ultra vires* claims against one of the Department's employees. *See Wilker*, 2021 WL 4995513, at *2–6.

It is conceivable that some of Peniche's claims could be reframed as challenges of the validity of the Department's rules implementing the Texas Motor Vehicle Safety Responsibility Act, rather than challenges seeking an interpretation of the Act. For example, Peniche's claim that the Act does not contain a public-highway requirement could be construed as a challenge to the validity of the Department's form for providing notice of an unsatisfied judgment, which he alleges imposes this requirement. But the Declaratory Judgments Act, which refers only to franchises, ordinances, and statutes in its waiver provision, does not waive sovereign immunity for challenges of agency rules. *See, e.g.*, *Machete's Chop Shop v. Tex. Film Comm'n*, 483 S.W.3d 272, 285 (Tex. App.—Austin 2016, no pet.) (holding that challenges of agency rules fall outside of Declaratory Judgments Act).

Another statute does waive sovereign immunity with respect to challenges of the validity or applicability of an agency rule when "it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." GOV'T § 2001.038(a). But that statute also contains an exclusive-jurisdiction provision specifying that an action seeking this kind of declaratory relief "may be brought only in a Travis County district court." *Id.* § 2001.038(b); *see also Gordon v. Jones*, 196 S.W.3d 376, 383 & n.5 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (characterizing § 2001.038(b) as being jurisdictional in nature). Thus, even if one or more of Peniche's claims were

8

reframed as a challenge of the Department's rules, the trial court below still would have lacked subject-matter jurisdiction to hear these claims.

We hold the trial court did not err in dismissing Peniche's claims on the basis that it lacked subject-matter jurisdiction because the legislature did not waive the Department's sovereign immunity. As the trial court lacked subject-matter jurisdiction to hear Peniche's claims altogether, we need not consider the parties' additional arguments as to whether Peniche has standing to assert these claims. *See* TEX. R. APP. P. 47.1 (court of appeals must write opinion that is as brief as practicable that addresses every issue raised and necessary to final disposition).

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.